UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GWENDOLYN P. IRVAN,

    Plaintiff,

    v.

STEVEN COOPER, KEVIN BUSCH, TAIT LUNDGREN, STACEY WHITTMAN, SCOTT MILLER, MARIOS KARARRAYINNIS, THE FOSTER & BUICK LAW GROUP, LLC, and WEED CUTTING, INC.,

    Defendants.

No. 16 C 4881
Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

Plaintiff Gwendolyn Irvan filed a *pro se* complaint against defendants based on the handling of her state-court divorce case and the disposition of certain property. Defendants Steven Cooper, Kevin Busch, Tait Lundgren, Marios Karayannis, and the Foster and Buick Law Group, LLC have filed motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, these motions are granted. This case is dismissed in its entirety against all Defendants.

## I. Background

The following facts are drawn from Irvan's complaint as well as several state-court orders. Courts can take judicial notice of documents that are contained in the public record. *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

On November 1, 1992, Irvan and defendant Scott Miller were married. On November 22, 2013, a judgment was entered in Illinois state court dissolving that marriage. As part of that order, the court ordered the sale of the marital residence and a farm located in Waterman, Illinois. The proceeds of this sale were to be added to the marital estate.

On January 20, 2016, the state-court judge appointed defendant Tait Lundgren as Receiver to sell these properties, and Lundgren received permission to retain defendant Foster & Buick Law Group, LLC as counsel in his role as Receiver. The judge granted Lundgren broad discretion in his role, saying that Lundgren was permitted "to utilize whatever means he feels appropriate to effectuate the sale."

Irvan submitted a motion in state court to purchase the Waterman farm. On March 29, 2016, the court denied Irvan's motion and ordered that the property be sold to a third party, who made a $340,000 cash offer. Irvan moved to reconsider that order. The court denied the motion for reconsideration on May 2, 2016, and also denied Irvan's motion to stay the sale.

That same day, Irvan filed a *pro se* complaint with this court, naming seven parties as defendants, all of whom had some involvement in her divorce case. She has sued her ex-husband, the state-court judge who presided over the case, the court-appointed receiver and his law firm, and her own attorneys. She alleges that she was deprived of the opportunity to purchase the Waterman property because of her sex, marital status, and disability status. Among the many allegations in her complaint, she claims that the state-court judge harassed her, the court-appointed

receiver defrauded her, and various defendants violated state and federal housing statutes that prohibit discrimination.

## II. Legal Standard

A Rule 12(b)(1) motion challenges jurisdiction in federal court, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction. *Scanlan v. Eisenberg*, 669 F.3d 838, 841–42 (7th Cir. 2012). A court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). For purposes of a motion under Rule 12(b)(1) or Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Scanlan*, 669 F.3d at 841.

## III. Discussion

### A. Jurisdiction and the *Rooker-Feldman* Doctrine

The "first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). The *Rooker-Feldman* doctrine precludes federal district courts from "exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016). No matter how erroneous or unconstitutional a state-court judgment may be, the only federal court with jurisdiction to review such a judgment is the Supreme Court of the United States. *Brown v. Bowman*, 668 F.3d 437, 442

(7th Cir. 2012). While the courts of appeals disagree about whether the doctrine is limited to final state-court decisions or whether interlocutory decisions are also precluded from review, the Seventh Circuit has suggested that the federal district courts lack jurisdiction over *any* state-court judgment. *See Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) ("Nothing in the Supreme Court's decisions suggests that state-court decisions too provisional to deserve review within the state's own system can be reviewed by federal district and appellate courts. . . . A truly interlocutory decision should not be subject to review in any court.").

The *Rooker-Feldman* doctrine applies in two instances. First, it applies when a plaintiff asks a federal district court to overturn an adverse state judgment. *Brown*, 668 F.3d at 442. Second, the doctrine applies when a plaintiff's claim is "inextricably intertwined" with a state-court judgment. *Id.* A claim meets this standard when the supposed injury was caused by the state-court judgment. *Id.*

A finding that a federal claim is inextricably intertwined with a state order does not end the inquiry. The court must also determine whether the plaintiff had a reasonable opportunity to raise the issue in state-court proceedings. *Brokaw v. Weaver*, 305 F.3d 660, 667 (7th Cir. 2002). If the plaintiff had such an opportunity, then the claim is barred under *Rooker-Feldman*.

**B.    Claims Against Defendant Kevin Busch**

Irvan alleges that the judge in the state-court proceedings, defendant Kevin Busch, failed to protect her rights as a disabled person when he denied her motion to purchase the Waterman property, permitted her former husband to modify the

4

estate properties such that she could not access them, and allowed her former husband to make threats. These claims all flow directly from Busch's orders directing how the estate properties were to be sold. As state-court judgments, the *Rooker-Feldman* doctrine bars a federal suit alleging injuries that were caused by these judgments. Denying jurisdiction under *Rooker-Feldman* does not deny Irvan the opportunity make arguments about the constitutionality of such judgments. She had the opportunity to raise these arguments in her motion to reconsider the state-court order, and she could raise these issues again in a state-court appeal. This court is barred, however, from considering the merits of Irvan's arguments.

Even if the *Rooker-Feldman* doctrine did not apply to Irvan's claims against Busch, these claims would be barred by absolute judicial immunity. The common law doctrine of absolute judicial immunity "shields judges from civil liability for their judicial actions." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1015 (7th Cir. 2000). Busch's decisions about how to address the sale of the properties at issue were made in the course of his judicial capacity. All claims against Defendant Busch are therefore dismissed.

### C. Claims Against Defendants Tait Lundgren and the Foster & Buick Law Group

Irvan alleges that the court-appointed receiver, defendant Tait Lundgren, and the law firm he retained to assist in that role, defendant Foster & Buick Law Group, are liable for legal malpractice and violations the "Fair Housing Act (HUD) and Illinois Fair Housing laws." She also says that these defendants violated the United States Constitution by participating in the sale of the Waterman property.

5

These allegations stem from Irvan's disability and the protections granted to the disabled by the Constitution and state and federal housing statutes.

Irvan's constitutional claims against Lundgren and his law firm and the claims rooted in federal and state housing law are barred by *Rooker-Feldman*. These defendants were only ever involved in the divorce case because the state-court judge ordered Lundgren to act as receiver and granted Lundgren discretion in that role. Those state-court orders caused the alleged injuries that Irvan describes in her complaint. Even though these were not final orders, there is no basis upon which a federal district court can sit as an appellate court to review the proceedings of a state court. *See Harold*, 773 F.3d at 886.

### D. Claims Against Defendants Steven Cooper and Marios Karayannis

Irvan alleges that her attorneys, defendants Steven Cooper and Marios Karayannis, failed to protect her from discrimination when the state court entered an order denying her request to purchase the Waterman farm.

The allegations that these attorneys violated the United States Constitution and various housing statutes, like Irvan's other claims of discrimination, are inextricably intertwined with the state-court order denying Irvan's request to purchase the property. The *Rooker-Feldman* doctrine prohibits federal review of a state-court judgment, and Irvan had the opportunity to challenge these judgments in state court.

### E. Legal Malpractice Claims

Irvan's claims of legal malpractice are not barred by the *Rooker-Feldman* doctrine, as those claims are separate from the substance of the state-court proceeding. *Riddle v. Deutsche Bank National Trust Co.*, 599 Fed. Appx. 598, 600 (7th Cir. 2015) (legal malpractice claim arising out of an unfavorable judgment in foreclosure proceedings not barred by *Rooker-Feldman* because "legal malpractice . . . is separate from the foreclosure process"). Irvan has alleged that her own attorneys failed to protect her interests. She also alleged that Lundgren failed to act in her interest as receiver. While Irvan did not clearly plead a separate count of legal malpractice in her complaint, the court should interpret her unrefined pleadings in a less stringent manner than it would a complaint drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.").

Irvan still bears the burden of establishing that subject-matter jurisdiction exists in federal court over her legal malpractice claims. *Lexington Ins. Co. V. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999). To avoid dismissal for lack of subject matter jurisdiction, Irvan must show that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). She has shown neither. Nothing in Irvan's Complaint suggests there is diversity of citizenship between the parties, and an allegation of legal malpractice does not raise a federal question. The legal malpractice claim turns not on an application of federal law but rather on the question of whether Irvan's attorneys

failed to exercise a reasonable degree of care, as that term is understood in Illinois law. *See Higbee v. Malleris*, 470 F. Supp. 2d 845, 854 (N.D. Ill. 2007). Thus the Court lacks either diversity jurisdiction or federal question jurisdiction over Irvan's legal malpractice claims.

Furthermore, I decline to exercise supplemental jurisdiction over any of Irvan's state-law claims. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims."). All claims against defendants Steven Cooper, Kevin Busch, Tait Lundgren, Marios Karayannis, and the Foster and Buick Law Group are dismissed for lack of jurisdiction.

### F.  Irvan's Motion for Default Judgment

Defendant Stacey Whittman, one of Irvan's prior attorneys, and defendant Scott Miller, Irvan's former husband, have not filed an appearance in this case nor have they responded to Irvan's complaint. Irvan argues that these two defendants were properly served and requests the court enter default judgment against them.

The Seventh Circuit has held that "[n]o court may enter judgment on the merits—which a default judgment is—if it lacks jurisdiction." *Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1222 (7th Cir. 1991). Given that Irvan's claims against Whittman and Miller similarly arise out of the state-court proceedings addressing Irvan's rights to the properties she shared with her former husband, her claims are barred by the *Rooker-Feldman* doctrine. Furthermore, Irvan has not

8

alleged any basis for subject matter jurisdiction over a state-law legal malpractice claim against Whittman. This Court may not enter a default judgment without jurisdiction. Thus, Irvan's claims against Whittman and Miller are dismissed.

## G. Irvan's Amended Complaint

After the defendants filed motions to dismiss Irvan's original Complaint, Irvan filed an amended complaint on October 31, 2016, naming an additional party to the lawsuit, Weed Cutting, Inc. Irvan filed this amended complaint more than 21 days after filing her original complaint, thus she could only make such an amendment with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1). She obtained neither. When she moved for an extension of time to reply to the pending motions to dismiss and amend her complaint, the court only granted her motion for an extension of time, without granting leave to amend the complaint. Furthermore, the amended complaint does not clarify or cure any of the defects in the complaint raised by defendants. Irvan's amended complaint is therefore stricken.

## H. Remaining Motions

Irvan also filed a motion to stay the sale of the Waterman property [#50], a request for a court date [#54], a motion to join Plaintiff's Medicaid Special Needs Trust and GPI Technologies [#61], and a motion to request that any deed transfer and sale of the Waterman property be voided [#64]. Because the court lacks jurisdiction over Irvan's claims, these additional motions are dismissed at moot.

9

## IV. Conclusion

This court has no jurisdiction over this case. All of Irvan's claims against all defendants are dismissed. Enter judgment and terminate civil case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 2/2/2017